# Farris *v.* Stoutz.

*Bill in Equity by Remainder-men, for Account of Moneys Received by deceased Husband of Life-Tenant.*

1. *Bequest for life, with remainder over; rights of respective parties, and how enforced.*—When property in which one person has an estate for life, with remainder over, is sold under an order of the Probate Court, that court should not suffer the proceeds of sale to go into the hands of the tenant for life, but he should be left to seek redress in a court of equity, where he would be required to execute a suitable bond for the protection of the remainder-men; yet, if he is allowed to receive and
VOL. LXXVIII.

[Farris v. Stoutz.]

use the money without objection, and it can not be traced into any particular property purchased by him, the remainder-men may assert in equity a pecuniary demand against his estate.

2. *Non-claim; what claims are within statute.*—Under the statute of non-claim (Code, § 2597), contingent claims, which may never accrue, are required to be presented within eighteen months after they have accrued; but a claim which is payable on the death of a third person, though payable in the future, is an absolute and unconditional claim, since death is an event which must happen.

3. *Same.*—When a widow is entitled to a life-estate in certain property under the will of her deceased husband, and, on her second marriage, her husband is allowed to receive the proceeds of the property sold under an order of the Probate Court, his liability to the remainder-men is a claim against his estate which must be presented to his personal representative within eighteen months after the grant of letters, although it is not payable until the death of the tenant for life.

4. *Same; how taken advantage of.*—The statute of non-claim, as a defense, is as available to the heirs or distributees as to the personal representative; and it may be taken by demurrer to a bill in equity, when the demand therein asserted is *prima facie* within the statute, and no presentation is averred, nor facts excepting it from the statute.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 8th February, 1883, by Mrs. Julia A. Stouts and others, "only surviving children and heirs at law of Richard Geiger, deceased," who was a son of Jacob Geiger, deceased, against T. L. Farris and Elizabeth Geiger; and prayed an account of certain moneys which went into the hands of M. D. Farris, deceased, who was the father of said T. L. Farris, and in which the complainants claimed an interest as remainder-men under the provisions of the will of said Jacob Geiger, their grandfather. Said Jacob Geiger died in 1832, having executed his last will and testament, and leaving a widow and four children surviving him. By the provisions of his will, which was duly probated in said county after his death, the testator devised and bequeathed his entire property to his wife and children " during her widowhood;" and further provided that, in the event of her second marriage, one-fourth of the estate should " be laid off for her use and benefit during her natural life, and at her death to be divided among said children," and that the remaining three-fourths should also be divided among the children. The widow and one Needham Smith were appointed executor and executrix of the will, and they duly qualified in that capacity. The property of the estate consisted of a small tract of land, containing about eighty acres, and slaves and other personal property, amounting in value to nearly $10,000. In 1834, or 1835, the widow married said M. D. Farris, who thereby became co-executor with her; and in 1837, he obtained from the Orphans' Court of said county, in right of his wife as one of the legatees and devisees, orders for the sale of the property, real and personal, for the

[Farris v. Stoutz.]

purpose of division and distributees according to the terms of the will. The sale was made, reported to the court, and duly confirmed, the proceeds of sale aggregating about $5,000. Of this sum one-fourth part went into possession of said M. D. Farris, as the part in which his wife had an estate for life under the provisions of said testator's will; and he continued to use the same until his death in 1857. The said M. D. Farris left an estate valued at more than $25,000, which the bill alleged "was the proceeds and accumulations from the money and property of the estate of said Jacob Geiger, which went into his hands as aforesaid." Letters of administration on his estate were granted on the 14th September, 1857, to the widow; and in November, 1863, a final settlement and distribution of the estate was made between her and said T. L. Farris, the only surviving child. In July, 1881, the widow died, and her will was duly admitted to probate; but no letters testamentary were ever granted, and said T. L. Farris took possession of her entire property. On these facts, as alleged, the bill prayed "that said T. L. Farris be made to account to and with complainants for all money or other property that went into the hands of said M. D. Farris, as the life-estate of the said Jane Farris, his wife, under the will of said Jacob Geiger, with remainder to said four children, or which went into the hands of said Jane Farris, as her life-estate under said will, with like remainder;" and for other and further relief under the general prayer.

The defendant pleaded the statute of non-claim, and also demurred to the bill because it did not allege a presentation of the claim to the administrator of the estate of said M. D. Farris. The chancellor overruled the demurrer and the plea, and rendered a decree for the complainants; and his decree is now assigned as error.

W. R. HOUGHTON, for appellants.

R. M. WILLIAMSON, contra.

CLOPTON, J.—The bill regards and treats as valid the sales of the real and personal property of the estate of Jacob Geiger under the orders of the Orphans' Court, and claims a portion of the proceeds of sale. Neither the averments of the bill, nor the proof is sufficient to declare a trust, or charge a lien on any specific property in which the money was invested. Though it was improper and irregular for the Orphans' Court to have allowed Mordecai D. Farris, who had married the widow of the testator, and thereby became entitled to her life-estate in one-fourth of the proceeds of the sales of the property,

to receive or retain the money, and he should have been left to seek redress in a court of equity, which would have , required the execution of a suitable bond for the protection of the remainder-men; the bill recognizes his right to receive it, and prefers, by reason thereof, a pecuniary demand against his estate, to the payment of which complainants seek to subject the property that descended to his heir and distributee. The slaves of the estate of Geiger, purchased by Farris, having been emancipated, and the life-estate having been converted into money, which can not be traced, the complainants could not, under the circumstances, have properly asserted a title to any other relief.

It is undoubtedly true, that the father of the original complainants, who was one of the remainder-men, had a valid claim against Mordecai D. Farris, who had received the money constituting the life-estate, which was payable on the death of the life-tenant; and that the property of his estate, which descended to his heir and distributee, is subject thereto, if the claim is not barred by the statute of non-claim. Mordecai Farris died in 1857, and soon after his death, letters of administration on his estate were granted to his widow, who continued to act as such administratrix until 1863, when she made final settlement and distribution of the estate. The claim of complainants was not presented to the administratrix; and the life-tenant died in 1881.

The terms of the statute are clear and comprehensive. "All claims against the estate of a deceased person must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary, or of administration; and if not presented within that time, are forever barred." Two periods of presentation are prescribed, and within which period the presentment must be made is determined by the character of the claim—whether it is an accrued claim at the time of the death of the decedent, or accrues subsequently to the grant of administration. Its character in this respect is not determinable by the time, or certainty of the time of payment. All claims which are absolute and unconditional, whether payable presently or in the future, must be presented within eighteen months after the grant of letters testamentary, or of administration. "It is only contingent claims—claims which may never accrue—that fall within the provision postponing a presentment until eighteen months after the same have accrued."—*Fretwell v. McLemore*, 52 Ala. 124. A claim dependent upon a future contingency—on the happening of an event which may *never* happen—does not accrue until the event happens; until then it is not a claim.

But death is an event which must certainly occur; and

[Bernstein v. Humes.]

a claim payable on the death of another person is an absolute and unconditional claim, payable in the future, the time of payment only being uncertain. It is an accrued claim when created, the payment postponed until the happening of an event which must surely transpire.

Actual presentment, or its equivalent, is necessary to defeat the bar of the statute. Knowledge of the existence of the claim on the part of the administrator, however full, will not dispense with presentation.—*Jones v. Lightfoot*, 10 Ala. 17. And the statute is as available to an heir or distributee, as to the personal representative. A bill in equity, brought to enforce against a decedent's estate a claim which is *prima facie* within the bar of the statute, or to subject to its payment property that has descended, is demurrable, if it fails to allege a presentation, or facts excepting it from the operation of the statute.—*Grimball v. Mastin*, 77 Ala. 553.

The claim, the payment of which the bill seeks to compel, is barred by the statute of non-claim as against the estate of M. D. Farris; and it does not appear that the money ever went into the possession of the life-tenant, so as to create a claim against her.

Reversed, and decree will be here rendered, dismissing the bill.