*190 OPINION.
GREen:
The respondent has determined the deficiencies here in question on the theory that the petitioners each inherited the 41% shares of the stock of the Keyser Coal Co. from their father on January 11, 1918, and that the basis for determining gain or loss on the liquidation was the value of the stock on January 11, 1918. In his brief the respondent apparently abandons the theory upon which his determination was based, and now contends that the stock in question was transferred to the petitioners by their mother, in consideration of the release by them of any claims which they might *191 have against her; that the cost of such claims represents the basis for determining gain or loss on the liquidation; that there has been no showing by the petitioners as to the cost of the claims relinquished; that the burden of proof was upon the petitioners; and that they should, therefore, have judgment rendered against them for lack of proof.
The petitioners contend that the transfer of the stock by the mother, on June 80,1920, was an absolute gift by her to her children; that the basis for determining gain or loss on the liquidation is the fair market value of the stock on the date of the gift; and that, since the value of the stock on that date was equal to the value of the petitioners’ interest in the succeeding partnership, there could be neither gain nor loss from the liquidation. As an alternative, the petitioners further contend that the basis for determining subsequent gain or loss on a distribution to a beneficiary, either on a vested or contingent interest, is the value of the personal property on the date of distribution and not on the date of death of the decedent, and cites Appeal of F. W. Matthiessen, Jr., 2 B. T. A. 921.
Section 213 (b) (3) of the Revenue Act of 1918, specifically excludes from gross income “the value of property acquired by gift, bequest, devise, or descent.”
The reorganization of a business by dissolving a corporation and transferring its capital and surplus to a partnership, the members of which have the same proportionate interests, results, under the 3 918 Act, in the realization of gain or loss to the stockholders in the form of a liquidating dividend. E. C. Huffman, 1 B. T. A. 52.
Section 201 (c) of the Revenue Act of 1918, provides that “Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.”
The basis for determining subsequent gain or loss on the disposition of property acquired by gift prior to January 1, 1921, is the fair market value of the property on the date of gift. Harry F. Robertson, 5 B. T. A. 748; Louis Kalb, 15 B. T. A. 886.
In our opinion, the facts, when analyzed, resolve themselves into two separate transactions, each one of which should be tested for the purpose of ascertaining whether the petitioners realized a taxable gain or loss. The first transaction is that by which Ada Hager Prindible transferred the stock to the petitioners. Did the latter, at that moment, realize a taxable gain or sustain a loss ? The second transaction occurred when the corporation was dissolved and liquidated. Did the petitioners, at that time, realize a taxable gain or *192 sustain a loss? We think both questions should be answered in the negative.
The first transaction was essentially a gift from the mother to the petitioners and as such is specifically excluded from gross income. Section 213 (b) (3), supra. True, the petitioner, Loretta H. Prindible, signed a receipt for the stock, in which she forever released and discharged her mother from all claims she might have against her under her father’s will, in case her mother remarried. But at the time of the transfer of the stock, the mother had not remarried and the petitioners had no vested claim against her individually or as admin-istratrix. “A claim dependent upon a future contingency- — on the happening of an event which may never happen — does not accrue until the event happens; until then, it is not a claim.” Farris v. Stoutz, 78 Ala. 130, 133. In Pearsall v. Great Northern Railway, 161 U. S. 646, 673, the United States Supreme Court distinguishes vested and contingent rights as follows:
A vested right is defined by Fearne, in his work upon Contingent Remainders, as “ an immediate fixed right of present or future enjoymentand by Chancellor Kent as “ an immediate right of present enjoyment, or a present fixed right of future enjoyment.” 4 Kent Com. 202. It is said by Mr. Justice Cooley that “ rights are vested, in contradistinction to be expectant or contingent. They are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. They are expectant, when they depend upon the continued existence of the present condition of things until the happening of some future event. They are contingent, when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting.” Principles of Const. Law, 332.
We are of the opinion that until the mother remarried, the petitioners had nothing susceptible of valuation. The mother had an “ absolute estate ” in the property left by her husband, “ subject to be defeated to the extent of a proper provision for his children in case she remarried.” Prindible v. Prindible, supra. The transfer of the stock by her to the petitioners, on June 30, 1920, was entirely voluntary, and, in our opinion, constituted an absolute gift thereof to her children.
The second transaction resulted in neither gain nor loss to the petitioners. The fair market value, on June 30, 1920, of the stock of the Keyser Coal Co. received by each of the petitioners was $29,-786.25, or $714.87 per share. This value was equal to the value of the petitioners’ interest in the succeeding partnership. There was, therefore, no gain or loss to the petitioners, upon the dissolution and liquidation of the Keyser Coal Co.

Judgments of no deficiency will be entered for each petitioner.