142 So. 47

**NORTH BIRMINGHAM AMERICAN BANK v. WHITE.**

**6 Div. 68.**

Supreme Court of Alabama.

May 26, 1932.

Murphy, Hanna, Woodall & Lindbergh and Wm. H. Ellis, all of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellee.

KNIGHT, J.

The plaintiff, appellant here, filed this suit in the circuit court against the appellee, to recover upon a promissory note, executed by Eula W. Enslen, deceased, and three others, payable to the order of the North Birmingham Trust & Savings Bank, in the sum of $6,000, "with interest after date."

The facts necessary to a proper understanding of the case may be stated as follows: Eula W. Enslen died on April 21, 1928, and, on June 22, 1928, the defendant, Charles W. White, was appointed executor of her last will and testament by the probate court of Jefferson county, Ala.; that notice to creditors of the appointment of the executor was given as required by law; that no claim, or statement of claim, was ever filed in the probate office, in which the administration of said estate was pending; that demand for the payment of said note was first made September 5, 1930, by letter; that this letter was received September 9, 1930; and that no other presentation of the claim was made to the executor except the filing of the suit; that interest had been paid on the note to the 1st of July, 1929, and that the principal of $6,000, plus interest since July 1, 1929, was unpaid. It was further stipulated and agreed that the interest, which was actually paid, was paid by one of the other comakers, and not by the defendant, Eula W. Enslen, she being then dead, and no interest was ever paid by the executor, or with his knowledge or consent.

The defendant filed two pleas—the first was the general issue, and, the second, the statute of nonclaim. The plaintiff demurred to defendant's pleas, separately and severally, and this demurrer was by the court overruled. Upon the conclusion of the evidence, the court, at the written request of the defendant, gave the general affirmative charge for the defendant, and refused a like instruction for the plaintiff. From a verdict and judgment for the defendant, the present appeal is prosecuted.

The parties, here and in the court below, have regarded the suit as one against the defendant, as the personal representative of Eula W. Enslen, and therefore we shall so treat the case on this appeal.

The first insistence for error is that the court improperly overruled plaintiff's demurrer to plea 2, setting up the statute of nonclaim against a recovery on the note. Inasmuch as each of the errors assigned presents one and the same question, and that one of law, we shall not treat the errors complained of separately. The appellant has elected to argue the assignments as presenting one, and only one, question.

■■ The appellant's insistence is that the note, payable on demand, signed by a number of makers, and on which "interest has been paid periodically," is a contingent claim, not affected by the statute of nonclaim. In this insistence, the appellant is in error, as we shall attempt to demonstrate. Section 5815 of the Code provides: "All claims against the estate of a decedent, other than the claims referred to in the preceding section, must be presented within twelve months after the same have accrued, or within twelve months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred, and the payment or allowance thereof is prohibited." This section, in its original form, is applicable to the present case, and not the amendatory Act of 1931 (Acts 1931, p. 840).

This section of the Code has been the positive law of this state with reference to the filing of claims against estates of decedents for many years, and has received in this court a construction wholly at variance with the contention of appellant. The obligation sued on is a promissory note, payable on demand, and upon its face imports an absolute liability, joint and several, upon each of the obligors. Upon it, the payee or holder could have sued the next day after its execution. There is nothing in the note, making its payment contingent upon any future happening or event. McDonnell v. Branch Bank at Montgomery, 20 Ala. 313; Owen v. Henderson, 7 Ala. 641; Mobile Sav. Bank v. McDonnell, 83 Ala. 595, 4 So. 346; Massie v. Byrd, 87 Ala. 672, 6 So. 145.

In the case of Fretwell et al. v. McLemore et al., 52 Ala. 124, Chief Justice Brickell, in discussing a case falling within the provisions of section 2239 of the Code of 1867, the progenitor of section 5815 of the present Code, used the following pertinent and forceful language: "The principle on which these authorities rest is, that every claim or demand which can be made the foundation of suit against the personal representatives, and the recovery of which will diminish the as-

sets in his hands, subject to administration for the benefit of creditors, of heirs or legatees, falls within the operation of statutes prescribing a bar to suits against him. The same principle must be and has been applied to our statute of nonclaim. The purpose of that statute, as of the similar statutes in other States, on which the decisions cited were made, is the exemption of assets subject to administration from all liability to claims not presented, within the prescribed period. * * * The whole policy of the statute, and of the system of which it forms a part, would be defeated, if such was not its operation."

And in another paragraph of the same opinion, the great Chief Justice uses the following language in commenting upon this statute: "The language of the statute is clear, unambiguous, and comprehensive. Words more significant to express every demand to which a personal representative can or ought to respond, or which can charge the assets in his hands subject to administration, or more expressive of every legal liability, resting upon the decedent, could not have been employed. 'All claims against the estate of a deceased person,' is the language of the statute. A claim, said Judge Story, in a just, judicial sense, is 'a demand of some matter as of right made by one person upon another, to do, or to forbear to do, some act or thing as a matter of duty.' (Prigg v. Pennsylvania) 16 Pet. 615 (10 L. Ed. 1060). All claims whether absolute or conditional, whether payable presently, or in the future, are within the statute. Jones v. Lightfoot [10 Ala. 17], supra; King & Barnes v. Mosely, 5 Ala. 610; Painter v. Smith, 2 Root (Conn.) 142. It is only contingent claims—claims which may never accrue—that fall within the provision postponing a presentment 'until eighteen months after the same have accrued;' such as the liability of a surety who has no demand against the principal until his payment of the debt for which he is bound. Neil v. Cunningham's Ex'rs, 2 Port. 171; McBroom v. Governor, 6 Port. 32; Cawthorne v. Weisinger, 6 Ala. 714; Hooks & Wright v. Br. Bank of Mobile, 8 Ala. 580; Minter & Gayle v. Br. Bank of Mobile, 23 Ala. 762 (58 Am. Dec. 315)." This statute, as has been well said, is "founded on the wisest public policy, affording protection to the living and the dead," gives repose to society, quiets litigation, removes temptations to fraud and perjury, and secures titles.

In the case of Chamblee v. Proctor, 203 Ala. 61, 82 So. 21, this court, speaking through Justice Sayre, said: "But a claim may fall within the operation of the statute of nonclaim, though the right of action thereon has not accrued. It is enough that the claim, the right to demand in the future, certainly exists. McDowell v. Jones, 58 Ala. 25. It is

only contingent claims—claims which may never accrue—that fall within the provision postponing the presentation of claims accruing after the grant of letters. Farris v. Stoutz, 78 Ala. 130."

The plaintiff did not present the claim or demand—which was an unconditional and absolute demand against the state of Eula W. Enslen presently payable—until after the elapse of more than two years from the death of the said Eula W. Enslen, and of the issuance of letters testamentary to the defendant. The claim fell within the operation of section 5815, requiring presentation of claims against the estates of decedents. Having failed to present the demand as a claim against the estate within the time required by law, we must hold that the plaintiff was not entitled to recover on the note. The action of the court in overruling plaintiff's demurrer to defendant's plea 2, and in giving defendant's requested charge was free from error.

We have carefully reviewed the authorities brought to our attention in appellant's brief, but find nothing in them to show error on the part of the trial court.

It results, therefore, that the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.