163 So. 609

**WHITE et al. v. SOWELL.**

**7 Div. 324.**

Oct. 17, 1935.

Reed & Reed, of Centre, for appellants.

Irby Keener, of Centre, and W. T. Murphree, of Gadsden, for appellee.

BROWN, Justice.

This is an action of assumpsit by the payee of a promissory note against the administrators de bonis non of the estate of one of the makers, C. N. Lowe, the other maker being J. R. Lowe & Co., not here sued.

The defendants pleaded the general issue and special pleas 2, 3, and 4.

Plea 2 avers that the note sued on is barred by the statute of nonclaim "because the same was not presented within 12 months after the grant of letters of administration, *by* filing the same or a statement thereof in the office of the Judge of Probate of Cherokee County, Alabama, in which office letters of administration were granted, and having the same docketed with a note of the time of such presentation, properly verified by the oath of plaintiff, or by some other person having knowledge of the correctness of the claim, stating the amount claimed is justly due or to become due after allowing all proper credits." (Italics supplied.)

Plea 3 asserts that the claim was barred "because such note or claim was not presented to the administrator of the estate of C. N. Lowe within 12 months after the grant of letters of administration *verified by oath* of the plaintiff or some other person having knowledge of the correctness of the said claim and that the amount claimed is justly due or to become due after allowing all proper credits." (Italics supplied.)

Plea 4 asserts the bar of the statute "because the same (the note or claim sued on) was not presented to the administrator of the estate of C. N. Lowe, deceased, within 12 months after the grant of letters of administration on his estate *duly verified* by the claimant or some other person having knowledge of the correctness of the claim * * * and that the amount claimed is justly due or to become due after allowing all proper credits." (Italics supplied.)

The plaintiff, without testing the sufficiency of these special pleas, and without taking issue thereon, interposed a special replication, averring "that the note sued on was presented to the administrators of the estate of C. N. Lowe within twelve months after the grant of letters of administration on said estate, and said administrators acknowledged the correctness of said claim and made two payments on said note as such administrators."

The defendants' demurrers to their replication were overruled, and issue was joined on the plea of the general issue and the special replication, and the case submitted to the jury, resulting in a verdict for plaintiff.

■ There is no conflict in the evidence as to the existence of the indebtedness due from C. N. Lowe to the plaintiff, as evidenced by the note, and the question litigated is whether or not a presentation of the claim to the personal representative of Lowe within the period prescribed by the statute without verification was efficacious to prevent a bar by the statute of nonclaim, a question of law raised by the demurrers to the special replication, and whether or not such presentation was made, a question of fact, under the evidence, for the jury.

The question is governed by the provisions of section 5818 of the Code, in force at the time of the alleged presentation, and not by the act of 1931 (Acts 1931, p. 837), amendatory of said section. That act did not become effective until January 1, 1932.

The question of law was settled adversely to appellants in Rosser v. Sanders et al., 219 Ala. 327, 122 So. 340, where it was held that "when presentation is made directly to decedent's personal representative no verification is required."

■ The sufficiency of the replication is to be judged by its averment of fact and not its characterization by the pleader. Ragsdale v. Kinney, 119 Ala. 454, 24 So. 443; Indemnity Co. of America v. Bollas, 223 Ala. 239, 135 So. 174. The demurrers to the replication were correctly overruled.

■ It was not essential to an efficacious presentation that the personal representative "acknowledge the correctness of the claim"; nevertheless the plaintiff so averred in her replication, and it was not error for the court to charge the jury in

the oral charge in the terms of the pleadings.

The exceptions to the oral charge are therefore without merit; nor was error committed in giving charge 1 requested by the plaintiff.

Charges 3 and 4, requested by the defendants, were properly refused. The evidence made a case for the jury, and there was in fact no issue of waiver; therefore charge 4 was abstract.

The defendants' given charge as applied to the evidence fully stated the law of the case.

We do not feel warranted in disturbing the court's ruling on the motion for a new trial.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.