173 So. 493

**WHITE et al. v. BLAIR.**

**7 Div. 409.**

Supreme Court of Alabama.

March 11, 1937.

Rehearing Denied April 15, 1937.

Reed & Reed, of Center, for appellants.

Irby Keener, of Center, and W. T. Murphree, of Gadsden, for appellee.

FOSTER, Justice.

This is a suit on a promissory note executed by J. R. Lowe & Co., J. R. Lowe, and C. N. Lowe. The defendants are alleged to be administrators de bonis non of C. N. Lowe, deceased. The other makers of the note are not sued, which is, of course, within the right of plaintiff. Section 5719, Code.

Pleas 1 and 2 were in substance the general issue, which cannot also be a plea in confession and avoidance. It is immaterial that plea 2 adds the statement that the debt was that of J. R. Lowe or of J. R. Lowe & Co. That adds nothing to its effect.

Pleas 3, 4, and 5 are nonclaim under sections 5815 and 5818, Code. To them, plaintiff replied specially that the note was presented to the administrator within twelve months after the death of decedent (changed now to six months by Acts 1931, p. 840), and that the administrator acknowledged the correctness of said claim and agreed to pay the same out of the assets of said estate.

The demurrer was on general grounds, and pointed out no specific defect. Its legal effect is the same as the replication held to be not subject to such demurrer in White v. Sowell, 231 Ala. 80, 163 So. 609.

Plaintiff's son, Hugh Blair, testified that around the last of January or the first of February, 1931, after C. N. Lowe died in November, 1930, he went with his father to see J. R. Lowe who had, on January 9, 1931, been appointed administrator of the estate of C. N. Lowe. That plaintiff then showed the note to J. R. Lowe, who made the following remark to plaintiff: "That the business was going on as it was and he was going to have Lamar, he wasn't hardly twenty-one, he was going to have his nonage set aside and transact the business right along, that he could pay the note off at that time but if he would let him he would like to keep it through the fertilizer season, that they still had a little money coming from C. N. Lowe's road work, C. N. Lowe had the road contract. * * * There was some money coming into the estate, he said final payment had not been made on some contract work they had done. He did not name any time when the note would probably be paid, he did not name any special time, he just wanted to keep it a while longer." And at a later date, about five or six months, he heard another conversation between them as follows: "J. R. Lowe came in and papa offered to pay him for some coal and had the note with him and said 'That is all right, we will have a settlement between us and we will take care of that.' * * * 'Yes, that is my note and I will pay it, this is a just and honest debt.' J. R. Lowe was then in business, and he said he could pay it then, and he asked my father to permit him to use the money through the fertilizer season." This witness was not disqualified under section 7721, Code. If the transaction was a presentation under section 5818, Code, it was legal evidence. Because it was of a conversation between plaintiff and J. R. Lowe did not make it objectionable as hearsay, if thereby a presentation was effected. The amendment to section 5818, Code, Acts 1931, p. 837, does not apply.

To constitute a sufficient presentation, the nature and amount of the claim must be brought to the attention of the personal representative by the proper person, and he should notify the representative expressly or impliedly that the estate is looked to for payment. Smith v. Fellows, 58 Ala. 467; First Nat. Bank v. Love, 232 Ala. 327 (19), 167 So. 703.

If the note is exhibited to the administrator, and he acknowledges its cor-

rectness as a claim against the estate, or agrees to pay it out of the estate, a presentation is shown under section 5818 prior to its amendment. The effect of the quoted testimony would be sufficient without question, if the administrator had not then been also liable personally, as a joint maker of the note. When he acknowledged the liability and requested an indulgence, was he acting solely individually or also in his representative capacity? Unless there was something to show that he was acting solely in his individual capacity, the presumption is that it was in every such capacity as existed in him for which there was a liability on the note by him, and for which he could speak. He need not say in what respect he is acting. If he does, then its effect would be thus circumscribed. But what he said tends further to sustain the presumption that he intended to refer also to the estate of decedent, and that his promise to pay was likewise referable and out of said estate. Appellant was not prejudiced by the action of the court in leaving the question of due presentation to the jury.

 The note contains the usual provisions for an attorneys fee. When so, the claim for such fee is as much an obligation of the contract as any other feature of it. Authority on the subject as a claim against an estate, and what is necessary to make it effectual is scarce. But see Succession of Caranne (La.App.) 147 So. 562. If an attorney's fee had accrued when the claim was presented, that fact should have been brought to the attention of the administrator at that time so that he could be advised as to the amount claimed. Burns v. Burns, 228 Ala. 61, 152 So. 48.

But this claim was presented by plaintiff himself, and he does not contend that an attorney's fee had accrued. But the administrator was advised of and saw the note, and was one of its makers, and knew that it provided for an attorney's fee on the contingency named. He knew that he could and should pay it, and if he had done so, no attorney's fee would have accrued. It became necessary by the failure of the administrator, and he is liable for it as one of the obligations of the note which he himself caused by his own default. He cannot complain. Whether he is chargeable for it to the estate is not here involved.

Defendant had no right to prove any conversations with J. R. Lowe, or statements by him, in respect to liability of the estate or the presentation of the claim in the absence of plaintiff. They are not admissible to rebut evidence of presentation, alleged to have been made at a different time and place.

It was not material whether the consideration of the note was such that J. R. Lowe was the principal debtor or not. C. N. Lowe became a codebtor when he executed the note. It was also immaterial and improper to prove that it represented a debt of J. R. Lowe. There was no plea of a want of consideration, and such evidence did not tend to prove that there was none.

We have considered all the assignments, and think they are without merit.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.