176 So. 297

### WHITE et al. v. LONG.
#### 7 Div. 459.

Supreme Court of Alabama.
June 24, 1937.

Rehearing Denied Oct. 14, 1937.

W. T. Murphree, of Gadsden, and Irby Keener, of Center, for appellee.

Reed & Reed, of Center, for appellants.

THOMAS, Justice.

The suit was upon note of intestate presented to his administrator.

Other suits of like nature are White v. Sowell, 231 Ala. 80, 163 So. 609, and White et al. v. Blair (Ala.Sup.) 173 So. 493, 495,[1] which were under Code, § 5818, and not under the act of August 1, 1931 (Gen.Acts 1931, p. 837), which changed the mode of presentation of claims against an estate of decedent.

The note sued on was dated January 4, 1927, and due one year after date. Payments were made thereon in 1928, 1929, and 1931. The credits on, and the indorsements of payment on, the note presented questions for the jury. So far as the evidence shows, only J. R. Lowe and J. A. Long, the payee, were present. It is without dispute that the payee had the note in his manual possession and that he went to see the administrator of the Lowe estate.

---

[1] Ante, p. 119.

The rational conclusions reached by the jury were that of a due presentment of the note for payment to that personal representative, and that the payments so acknowledged by the indorsement were made out of the funds of said estate.

The case was tried on the plea of the statute of nonclaim. The law governing the presentation of claims against an estate need not be repeated. Section 5818, Code; Brannan v. Sherry, 195 Ala. 272, 71 So. 106; Metcalf v. Payne, 214 Ala. 81, 106 So. 496; First National Bank v. Love, 232 Ala. 327, 167 So. 703.

It is further established that a sufficient presentation requires that the nature and amount of the claim must be brought to the attention of the personal representative by the person having the right of presentation and in the manner required by law; and that the personal representative is looked to for payment. White et al. v. Blair, ante, p. 119, 173 So. 493, 494; King v. Porter, 230 Ala. 112, 160 So. 101.

It is further declared that payment of interest on a note by several others as well as the decedent, after the appointment of a personal representative, is not sufficient to remove the bar of the statute of nonclaim. North Birmingham American Bank v. White, 225 Ala. 72, 142 So. 47.

It is insisted by appellants that this case is different from White et al. v. Blair, supra, as to the fact of presentation of the note for payment to the personal representative, and where the holding was that the court did not err in submitting to the jury the matter of the presentation of the note.

In Pharis v. Leachman, 20 Ala. 662, it was said that a payment made by an administrator, after the time for presentation had elapsed, was an evidentiary fact of a due presentation. In the instant case, there is evidence of payments made by the administrator, and indorsement thereof on the note by him in his own handwriting. This is a verbal act of possession and acknowledgment of the note and of its contents and obligation, which supported the verdict of the jury. King v. Porter, 230 Ala. 112, 160 So. 101; McCollum v. McCollum, 218 Ala. 500, 503, 119 So. 232; Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564.

The note was properly before the jury. The witness testified that he was familiar with and knew the handwriting of J. R. Lowe, the administrator, and his recognition of the signature as that of Mr. Lowe attested his knowledge of the handwriting to the jury. This was relevant and properly submitted. Springer v. Sullivan, 218 Ala. 645, 119 So. 851; Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216.

It will be observed that due presentation of this claim, if made, was under the statute, section 5818, Code, before the amendment by the Gen.Acts of 1931, p. 837. It is a like matter as the claim of White et al. v. Blair (Ala.Sup.) 173 So. 493, 494,[2] wherein Mr. Justice Foster observed: "If the transaction was a presentation under section 5818, Code, it was legal evidence. Because it was of a conversation between plaintiff and J. R. Lowe did not make it objectionable as hearsay, if thereby a presentation was effected. The amendment to section 5818, Code, Acts 1931, p. 837, does not apply."

If there was a due presentation under the former statute, nothing further was required to be done in the matter of presentation under the present statute.

The record has been carefully examined and we are of opinion that a jury question was presented.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

