# Jones & Co. *v.* Peebles.

130　269
133　304

*Bill in Equity by Creditors to set aside Conveyance of Property for Fraud.*

1. *Administrators; what necessary to constitute sufficient presentation of claim.*—To constitute a sufficient presentation of a claim against the estate of a decedent, the nature and amount of the claim must be brought to the attention of the personal representative by some one authorized in law or fact to make the presentation; and the representative must be notified expressly or impliedly, that the estate is looked to for payment of said claim.

2. *Same; same; case at bar.*—Where, within a few days after the appointment of the administrator of an intestate's estate, the administrator enters into a written contract with a creditor of the decedent, in which the claim of the creditor against the estate is set forth and described, and the administrator obligates himself to devote the rents and profits arisin from the lands belonging to the intestate's estate to the payment of such claim, there is, by the execution of such contract, a definite recognition by the administrator of the existence of the claim, as a valid, subsisting liability against the estate of his intestate, and such transaction constitutes a sufficient presentation of the claim within the meaning of the statute of non-claim.

3. *Chancery pleading and practice; estoppel must be averred.* Where an estoppel is relied upon as a matter of defense to

a bill in equity, the answer of the respondent must set up the estoppel and allege the facts upon which it is predicated; and if not so specially pleaded, the defendant can not avail himself of an estoppel as a defense, though it may appear in the evidence.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. THOS. H SMITH.

The appeal in this case is taken by Winston Jones & Co. from a decree rendered by the chancellor in the case of Lowenstein Bros. & Co. against Mamie E. Peebles and others. The decree appealed from was a final decree of the chancellor, in which it was decreed that the deed of E. B. Peebles to his wife, Mamie E. Peebles, was fraudulent and void and should be set aside and cancelled, and that the property conveyed therein should be subjected to the payment of the debts of the complainant, but denied to Winston Jones & Co., who were, after the filing of the bill, made parties complainant on their petition, the right to share in the proceeds of the sale of the property, upon the ground that they were estopped by previous conduct on their part from questioning the validity of the deed. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

A. C. BOGLE and PETTUS & PETTUS, for appellants. The opinion of the court in rendering the decree in this case inadvertently overlooks the fundamental principle underlying the doctrine of estoppel *in pais,* or equitable estoppels. That fundamental principle is that the party making the representation relied upon as an estoppel must have done so with actual knowledge of the true facts in the case; that the party to whom the representation was made was ignorant of the true facts; that the representations were made for the purpose of inducing the party to whom they were made to rely and act upon such representations to such extent that she would be injured if the party were subsequently allowed to dispute these representations.—*Miller v. Hampton,* 37 Ala. 347; *Colbert v. Daniels,* 32 Ala. 314; *Gamble v. Gamble,* 11 Ala. 966.

WILLETT & WILLETT and R. H. & N. R. CLARKE, cited 8 Ency. of Plead. & Prac., 6; *Walthall v. Rives*, 34 Ala. 91; 11 Am. & Eng. Ency. Law, 446; Bigelow on Estoppel (4th ed.), 642; *Hodges v. Winston*, 95 Ala. 514; *Daniels v. Tearney*, 102 U. S. 415.

TYSON, J.—The bill in this cause was exhibited by Lowenstein Bros., M. L. Stansel and Pollock & Bernheimer to have declared fraudulent and void a deed executed by their debtor, E. B. Peebles, conveying a certain tract of land to his wife, Mamie E. Peebles. Before answer, on petition, Winston Jones & Co., these appellants, were made parties complainants. On final hearing, the chancellor granted relief to all the complainants except Jones & Co. He refused them relief solely on the ground that they had estopped themselves by the recitals contained in a certain contract into which they had entered with the administrator and administratrix of the estate of E. B. Peebles, deceased, to which contract Mamie E., as administratrix, was a party.

It is not insisted that the deed was not fraudulent as to the creditors of E. B. Peebles, or that the chancellor was in error in so finding and decreeing. And if fraudulent as to Lowenstein Bros., Stansel and Pollock & Bernheimer, it was also fraudulent as to Jones & Co., who were existing creditors at the date of its alleged execution. It is of no consequence, that the debt of Jones & Co. was secured by a mortgage upon property other than that conveyed by the deed assailed. This fact cannot affect their rights as a creditor to attack the deed on account of its fraudulent character, and to have it so declared, if they are not debarred from doing so on account of the other two matters of defense attempted to be invoked.

The only defense invoked by the answer other than the *bona fides* of the deed assailed, is the statute of nonclaim. It cannot be doubted that mere knowledge on the part of the administrator, of the existence of the claim, will not dispense with the necessity of presentation, however full and complete that knowledge may be. To satisfy the mandate of the statute, "it is indis-

pensable not only that the claim should be brought to the attention and knowledge of the executor or administrator, but this must be done by one having an interest in it, and a legal right to enforce its payment, and it must be evinced by some act or word which indicates *an intention to look to the estate* of the deceased debtor for its payment."—*Allen v. Elliott*, 67 Ala. 432, and cases cited. Or, to re-state the principle in the language employed by Stone, J., in *Smith v. Fellows*, 58 Ala. 472: "The result of our rulings on this question is, that to constitute a sufficient presentation, the nature and amount of the claim must be brought to the attention of the personal representative, by some one authorized in law or fact to make the presentation, and the representative must be notified, expressly or impliedly, that the estate is looked to for payment."

Applying these principles to the facts of this case, it is difficult to perceive how a more definite, certain and sufficient presentation could have been made. Here, within a few days after their appointment, the administrators entered into a written contract with Jones & Co. which was signed by all of them, in which the claim of Jones & Co. against their intestate is described as several promissory notes secured by a mortgage executed by him on the 10th of July, 1895, and recorded in the office of the probate judge evidencing a debt of $27,125.29, and containing an obligation on the part of the administrators to devote the rents and profits arising from the lands belonging to the estate of the intestate to its payment—a definite recognition by the administrators of the existence of the claim as a valid subsisting liability against the estate of their intestate, coupled with an implied, if not an express, promise to pay it, and an unequivocal act on part of Jones & Co., the owners of the claim, indicating their intention to look to the estate of their deceased debtor for its payment.

This brings us to a consideration of the point upon which the chancellor denied to them relief. As we have said, he held that Jones & Co. were estopped by the contract and by their conduct in attempting an assertion of

their rights under it. In short, the respondent, Mamie E. Peebles, relies upon an estoppel by deed and *in pais* as a defense. And this defense is relied upon and attempted to be invoked, notwithstanding the answer contains no intimation of it. So then, the question is fairly and squarely presented, whether she can have the benefit of such defense, without invoking it in her pleadings, assuming, without conceding, that it is supported by the evidence. We have been unable, after diligent search, to find any case of this court where this question has been pointedly raised or decided. In criminal cases, it has long been the practice, that a former acquittal or conviction, which of course is an estoppel by record, is required to be specially pleaded, and that evidence of a former acquittal is not admissible under the plea of not guilty. And the failure to plead former jeopardy operates a waiver of it as a defense.—*Rickles v. State,* 68 Ala. 538; *De Arman v. State,* 77 Ala. 10; *Baysinger v. State, Ib.* 60; *Jordan v. State,* 81 Ala. 20. And we do not see how it can be held otherwise, in cases at law, whether the defense relied upon be an estoppel by record, by deed or *in pais,* in view of the plain mandate of the statute "if he (the defendant) does not rely solely on a denial of the plaintiff's cause of action, must plead specially the matter of defense."—Code, § 3295. It cannot be seriously doubted that matters of estoppel by record, deed and *in pais* are the subjects of pleas in bar. They have been uniformly so treated by the courts of this State as will appear by reference to the reported adjudicated cases of this court. The cases are so numerous that we will only give the names of a few.—*Pace v. Dossey,* 1 Stew. 20; *Burgess v. Sugg,* 2 Stew. & Port. 341; *Rake v. Pope,* 7 Ala. 161; *Hopkinson v. Shelton,* 37 Ala. 306; *Hill v. Huckabee,* 70 Ala. 183; *First Nat. Bank v. Leland,* 122 Ala. 289. So, too, matters of estoppel have been so treated by this court in equity causes. In *Jones v. Cowle,* 26 Ala. 614, it was held that where the equity of the bill depends upon the principle of estoppel, the facts constituting the estoppel should be clearly charged in the bill.

In *Wilkinson v. Searcy,* 74 Ala. 246, it was held that, a respondent who sets up a plea of estoppel in equity

18

resting upon matters *in pais* must assume the burden of establishing his plea. Other cases in equity can be found holding similar doctrines, but none of them are decisive of the point under consideration, and no more nearly approach a decision of the question than the two cited. At common law, in courts of law, there is much diversity of opinion as to the necessity of pleading an estoppel by the party wishing to avail himself of it. In England, the doctrine seems to be, that former adjudication, to be conclusive must be specially pleaded, if there is an opportunity for pleading it. It may be introduced in evidence under the general issue but will not then be conclusive, but is matter for the determination of the jury.—*Vooht v. Winch,* 2 B. & Ald. 662; *Stafford v. Clark,* 2 Bing. 377. In the United States, where there is no statute regulating it, a majority of the courts hold the rule to be: "If a party has opportunity to plead an estoppel and voluntarily omits to do so and tenders or takes issue on the fact, he thus waives the estoppel, and commits the matter to the jury, who are to find the truth. * * * But if he have not opportunity to show the estoppel by pleading, he may exhibit the matter thereof in evidence on the trial under any issue which involves the fact and both the court and jury are bound thereby."—*Phila., Wilmington & Balto. R. R. Co. v. Howard,* 13 Howard 307; *Shelton v. Alcox,* 11 Conn. 240; *Alexander v. Walter,* 8 Gill. 239; *Woodhouse v. Williams,* 14 N. Car. 508; *Isaacs v. Clarke,* 12 Vt. 692; *Adams v. Barnes,* 17 Mass. 365; *Miller v. Manice,* 6 Hill (N. Y.) 114. In those States having statutes similar to ours, the universal rule is that an estoppel relied upon as matter of defense must be specially pleaded. See cases collected in 19 Am. Dig. 2441. However variant may be the rule in cases at law and divergent the views of courts of last resort as to what it should be, all the courts, with few exceptions, seem to entertain the opinion, that in equity where an estoppel is relied upon for relief or as a defense, the bill or answer must allege the facts upon which the estoppel is predicated. The principle upon which this rule is founded is that evidence relating to matters not stated

in any pleading cannot be made the foundation of a decree. It is necessary, therefore, to introduce "into the bill every material fact which the plaintiff intends to prove. The same rule applies to the answer, and a defendant cannot avail himself of any matter in his defense which is not stated in his answer, though it appears in his evidence."—Daniel Chan. Pl. & Pr. (5th ed.), 853; *Turley v. Turley,* 85 Tenn. 260; *Duluth National Bank v. Knoxville Fire Ins. Co., Ib.* 87; *Marbury v. Louisville & J. Ferry Co.,* 60 Fed. Rep. 645; *Moran v. Palmer,* 13 Mich. 367; *Redmond v. Coffin,* 2 Dev. Eq. (N. C.), 457; *Lyon v. Brockway,* 14 John. (N. Y.), 501.; *Given v. Plake,* 1 Dana (Ky.), 225; *Galloway v. Hamilton, Ib.* 575; *Ferguson v. Miller,* 5 Ohio, 459; also other cases cited in note 59 of 4 Am. & Eng. Dec. in Equity, p. 375.

The result which must follow from the application of these principles is, that it is of no consequence whether the estoppel invoked by the respondent, Mrs. Peebles, in her evidence, is meritorious or otherwise, she having failed to set it up in her answer, if meritorious, cannot avail her anything. It is, therefore, useless to consider it further.

The decree of the chancellor must be reversed and the cause remanded.

Reversed and remanded.