# Peevey, Administratrix, *v.* Farmers & Merchants National Bank.

*Claim against Estate of Decedent.*

[Decided Feb. 6th, 1902.]

1.  *Claim against estate, when must be verified, under Code, sec-
    tion 133.*—Under sections 130 and 133 of the Code, govern-
    ing the presentation of claims against estates of deceased
    persons, a verification of the claim is necessary only when
    presentation is made by filing the claim, or a statement
    thereof, in the office of the probate judge.   When a promis-
    sory note is presented to the administrator personally, no
    verification is required.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

The Farmers & Merchants National Bank, having two notes signed by L. M. Peevey, presented them, without verification, to the administratrix of his estate on July 6th, 1898, and after the estate was declared insolvent filed them, duly verified, in the office of the probate judge. The administratrix of the insolvent estate filed objections to the claims on the ground that they were barred by the statute of non-claim, in that they were not properly verified when presented to the administratrix prior to the declaration of insolvency, and that there was not a sufficient presentation under the statute. These objections were overruled by the probate court, as well as by the circuit court on appeal. From the judgment of the circuit court the administratrix appealed to this court.

HUMES, SHEFFEY & SPEAKE, for appellant.—(1.) All claims, no matter how presented or what their nature, are required to be verified under the statute.—Code, § 133; Report of W. L. Martin, Code Commissioner of Alabama, 1896, p. 8; Endlich on Interp. of Stat., § 414, pages 582-3; 23 Am. & Eng. Ency. Law (1st ed.., 370, note. (2.) Opportunity on the part of the personal representative to know, or even actual knowledge of a claim does not dispense with the necessity of a sufficient presentation.—*Jones v. Lightfoot,* 10 Ala. 17; *Allen v. Elliott,* 67 Ala. 432; *McDowell v. Jones,* 58 Ala. 25.

COOPER & FOSTER, *contra,* argued that section 133, properly construed, required verification only when the claim or a statement thereof was filed in the office of the probate judge.

McCLELLAN, C. J.—As sections 131 and 132 of the Code refer only to certain exceptions to the section next preceding which exceptions are not involved in this case, those sections cut no figure on the present appeal. Leaving them out of view, the proper construction of section 133 may be facilitated by copying here sections 130 and 133, the latter following the former as if they were not separated by sections 131 and 132: (130) "All claims against the estate of a decedent, other than the claims referred to in the preceding section, must be pre-

sented within twelve months after the same have accrued, or within twelve months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred, and the payment or allowance thereof is prohibited." (133 "The presentation may be made either to the executor or administrator, or by filing the claim, or a statement thereof, in the office of the judge of probate in which letters were granted, in which case the same must be docketed, with a note of the time of such presentation; and if required, a statement must be given by such judge, showing the time of presentation. But every such claim so presented must be verified by the oath of the claimant or some other person having knowledge of the correctness of the claim, and that the amount claimed is justly due, or to become due, after allowing all proper credits. When a claim is filed by an executor, administrator, guardian, or other trustee, it may be verified by his affidavit that he has made diligent inquiry and examination, and that he believes the amount claimed is justly due, or to become due, after allowing all proper credits. Any defect or insufficiency in the affidavit may be supplied bv amendment at any time." There is little occasion or room for discussion upon the point whether all claims referred to in section 130 are required to be verified before presentation by section 133 or only those claims which are presented by filing them in the office of the judge of probate. Upon the question we concur with the circuit and probate courts, that claims against estates of decedents need not be verified when presented to the executor or administrator directly and personally, and that verification is necessary only when the presentation required by section 130 is effected by filing the claim in the office of the probate judge. There is obviously more reason for requiring verification on a presentation that does not afford the executor or administrator immediate and full opportunity for investigation and inquiry into the integrity of the claim, than where the presentation is to him personally and he may at the time of it fully acquaint himself of the facts upon which it is based. Another reason specially obtaining in cases like this where the claim is evidenced by writing signed by the decedent, is that the writing must be presented to the executor or administrator while if

the other mode of presentation is resorted to, the writing need not be filed at all, but the filing of a mere statement of the claim in the probate judge's office will suffice. It might be very important to have such a statement verified while there would be no necessity to verify a promissory note executed by the decedent. The words of section 133 and their allocation appear to justify this construction. After, in its first sentence, providing the two modes of presentation concluding with that by filing, etc., in the office of the probate judge, in its second sentence it provides that "every such claim so presented must be verified," etc. All these words are apt and necessary to a requisition that claims filed should be verified; but they are neither apt nor necessary to a requisition that all claims should be verified. The next preceding words of the statute had provided a specific mode of presentation differing from that first referred to in the section. Had the legislative purpose been to require claims presented in both modes to be verified the apt and plain way to have accomplished the purpose would have been to have provided that "every claim presented must be verified;" but without immediately following the particular requirements as to one sort of presentation of a claim, it is provided that every *such* claim *so* presented shall be verified. This language naturally and pertinently refers, in our opinion, to and only to the claims the presentation of which is effected by filing them in the office of the probate judge, a conclusion which is strongly reinforced by the special provision as to the verification of a claim by an executor, administrator or other trustee which requires verification by them only when the claim is *filed* in the office of the judge of probate.—*Rayburn v. Rayburn*, 30 So. Rep. 366. Section 306 of the Code throws no light on the question.

Affirmed.