# Nicholas *v.* Sands, Admr.

*Proceedings to declare Intestate's Estate Insolvent.*

1. *Executor and administrator; presentation of claim to executor need not be verified.*—In presenting a claim against a decedent's estate to the executor or administrator it is not, under the statute (Code, § 120), necessary for a valid presentation that such claim should be verified by affidavit or otherwise.

2. *Evidence; objection to testimony being hearsay.*—When all the testimony of a witness is not hearsay, but some of it is competent, a motion to exclude all such testimony upon the

ground that it is hearsay evidence, is properly overruled.

3. *Proceedings to declare estate insolvent; costs accruing in course of administration a charge against the estate.*—In a proceeding to declare a decedent's estate insolvent, costs accruing in the ordinary course of the administration are a valid charge against the estate, and are proper to be proved and considered in trying the issue of insolvency.

4. *Proceedings to declare decedent's estate insolvent; charge of court as to issue involved.*—In a proceeding to declare a decedent's estate insolvent, the issue is as to whether the estate was in fact insolvent; and while it is inaccurate for the court to instruct the jury that the issue involved was whether the jury considered the estate insolvent, such inaccuracy is not such as would unduly influence the jury, and constitutes no ground for reversal.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, JR.

One Joseph Rabby, an inhabitant of Mobile county, died August 1, 1895, intestate. On September 11, 1895, letters of administration were issued to the appellee, R. M. Sands, appointing him administrator of the estate of Joseph Rabby, deceased. At the time of his death, Joseph Rabby owned a homestead, which was less than 160 acres of land of value less than $2,000. His wife was residing with him on this homestead at the time of his death. In addition to this homestead, the decedent owned a small house and lot situated in the suburbs of the city of Mobile. During his administration the administrator collected $13.50 rents from the small house and lot in the city of Mobile, and subsequently sold it for the sum of $160. Thereafter the administrator of the estate of Joseph Rabby made his report to the judge, setting out that the said estate was insolvent, and asked that the same be so adjudged by the court. Alice Nicholas, the appellant, being an heir-at-law of the decedent, resisted the declaration of insolvency. On the trial of the issue of insolvency *vel non*, the facts above stated were shown. It was further shown that $173.50 thus received in cash by the administrator constituted all of the assets of the estate. The administrator introduced

[Nicholas v. Sands, Admr.]

evidence showing that he had paid the costs in the probate court amounting to $48.55, an attorney's fee for obtaining letters of administration, and an order of sale of the house and lot in the city of Mobile for the payment of debts, and for other services, of $25, and that he had purchased a revenue stamp to put on a deed conveying said house and lot after the sale, for fifty cents, making a total of $74.05. The administrator offered in evidence a claim of McKay & Roche of $89, which was dated September 20, 1895, and was a claim for the funeral of said Joseph Rabby, deceased, and it was presented to the administrator. There was endorsed upon this claim the fact that it was presented and filed September 20, 1895.

The contestant objected to the introduction of this claim in evidence, upon the ground that it was not verified. This objection was overruled, and the contestant duly excepted.

One Harry E. Rutherford was introduced as a witness for the administrator and testified that he was the bookkeeper for McKay & Roche, and that he had prepared the statement which was presented to the administrator, and that it was correct, and that he knew of his own knowledge that the items charged on said statement were due, and that no part of said bil had been paid. On the cross-examination of said witness he testified that he did not attend the funeral of Joseph Rabby and did not see all the things charged on the account when they were gotten from the stock of McKay & Roche, but that he knew that the coffin and carriages and the other items were furnished. The contestant moved to strike out all the testimony of this witness, on the ground that it was hearsay. The court overruled the motion, and the contestant duly excepted.

There was further evidence introduced on the part of the administrator showing that the court costs which had been paid included the costs up to the sale of the real estate, and that the costs that had since accrued would be about $50.

The court instructed the jury as follows: "The law makes a wise provision for declaring estates insolvent whenever the administrator believes that the assets are

not sufficient for the payment of debts; that whenever the assets are not sufficient to pay the debts, an estate is insolvent, and when the administrator reports there are not enough assets, the court tries the question or the jury tries it, and that the question is now, was for the jury in this case to say whether they consider this estate of Joseph Rabby insolvent; so, gentlement of the jury, I give you that general charge, that the question before you and for you to determine is whether you consider this estate insolvent." The defendant separately excepted to that portion of the court's charge to the jury in which he instructed them that the issue was "whether they should consider the estate insolvent." The jury rendered a verdict finding the estate of Joseph Rabby, deceased, insolvent, and upon this verdict a decree was rendered, declaring said estate insolvent. The contestant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

D. B. Cobb and H. Austill, for appellant.

Sullivan & Stallworth, contra, cited *Hatchett v. Curbour*, 59 Ala. 522; *Moore v. Winston*, 66 Ala. 302.

Sharpe, J.—A valid presentation of a claim against a decedent's estate may be made to the administrator personally without verification of the claim by affidavit or otherwise.—Code, § 130; *Perry v. Farmers', etc. Bank*, 132 Ala. 82. Hence the admissibility of evidence to prove such presentation and existence of McKay & Roche's claim against the intestate's estate was not dependent on whether the same was verified. After presentation the statute of limitations did not run against the claim unless and until the claimants were by the administrator or some one interested in the estate, notified to sue thereon (Code, § 2817). The burden of proving at the trial that such notice was given, was on the appellant. No evidence of notice was introduced and, therefore, the claim of McKay & Roche was not shown to have been barred.

There was evidence tending to show these claimants presented their account to the administrator within the time allowed by the law for presentation, and testimony of the witness Rutherford tended to prove the account was correct. All of Rutherford's testimony was not hearsay. The court did not err in overruling the motion to strike out that testimony as a whole or in overruling the motion to disallow the claim of McKay & Roche.

Costs accruing in the ordinary course of the administration become a charge against an estate proper to be proved and considered in trying the issue of insolvency. *Hatchett v. Curbow*, 59 Ala. 516.

The charge to the jury was inaccurate in that it defined the issue as being whether the jury considered the estate insolvent, instead of whether it was in fact solvent, but that inaccuracy was not such as could have unduly influenced the jury to find the true issue against the appellant and is not ground for reversal.

What has been said disposes of the assignments of error.

Affirmed.