# Brannan *v.* Sherry.

## Assumpsit.

(Decided February 10, 1916.   71 South. 106.)

1. **Bills of Exceptions; Presentation; Signing.**—The fact that the bill of exceptions was presented to the trial judge within 90 days from the date of the judgment is attested by the fact that the bill showed that it was signed by him within that period, notwithstanding it appears to have been filed as of a later date; the latter filing referring evidently to the filing in the office of the circuit clerk.

2. **Executors and Administrators; Claims Against; Presentation; Burden.**—A plaintiff suing an executrix and joining issue on a plea of the statute of non claims assumes the burden of proving presentation of the claim within the time provided by § 2590, Code 1907, and in one of the ways provided by § 2593, Code 1907.

3. **Same; Verification.**—Although under § 2593, Code 1907, presentation of the claim need not be to the executor personally, and by filing in the probate court, yet whether made in the one or the other way, such claim must be verified.

4. **Same; Presentation; Necessity.**—To prevent the bar of the statute of non claim, actual, formal presentation of the claim must be made by one having the right to make the presentation; mere knowledge by the executrix of its existence is not enough.

5. **Same; Presentation to Attorney.**—Presentation of a claim against decedent's estate to the attorneys of the executrix is not a presentation to executrix as authorized by § 2593, Code 1907; and this is true although the attorneys present it to her, as they are not persons authorized to make the presentation.

[Brannan v. Sherry.]

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Assumpsit by P. T. Brannan against Janie Sherry, as executrix of the estate of John Sherry, deceased. Judgment for defendant, and plaintiff appeals. Affirmed.

G. L. COMER, and McDOWELL & McDOWELL, for appellant. A. H. MERRILL & SONS, for appellee.

THOMAS, J.—The cause is submitted on motion to strike the bill of exceptions, and on the merits.

(1) The cause was tried on December 2, 1914. The bill of exceptions, signed by the presiding judge, bears date February 27, 1915, and is indorsed, "Filed September 7, 1915." From an inspection of the certificate of appeal by the clerk of the circuit court, the latter date appears to have had reference to the filing of the bill of exceptions in his office. The appeal was taken to this court on September 20, 1915. Does it thus affirmatively appear from the record that the bill of exceptions was presented to, and signed by the presiding judge within 90 days from the day on which the judgment was entered?—Code 1907, §§ 3018, 3019.

True, the bill of exceptions bears no date of presentation. It is evident, however, that it was presented and signed after the entry of the judgment, and within 90 days thereafter. Under the statute the bill must be tendered ·by the party supposing himself aggrieved, and if correctly stated, it is the duty of the presiding judge to sign the same, which thereby becomes a part of the record.—Code, § 3018. The time in which a bill of exceptions may be tendered or presented is "90 days from the date on which the judgment is entered," and the judge must indorse thereon, as a part of the bill, the true date of its presentation; and if the bill be correctly stated, it must be signed by him "within 90 days thereafter."—Code 1907, § 3019. And the bill may be stricken from the record, on motion of a party to the record or of his attorney, if not "signed within the time required by law."—Code 1907, § 3020. When the bill of exceptions is presented to, and signed by, the presiding judge within the time prescribed by law, it becomes part of the record when brought here by appeal.—*State ex rel. Tate v. Powell*, 184 Ala. 46, 50, 63

South. 542. The statute does not require that it be filed in the clerk's office within the 180 days from the date on which the judgment was entered. If filed within the time for taking the appeal, and, the appeal is taken as required by the statute, then the bill of exceptions becomes a part of the record.—*Edinburgh-American Co. v. Canterbury*, 169 Ala. 444, 450, 53 South. 823.

In *Box et al. v. Southern Railway Co.*, 184 Ala. 598, 64 South. 69, the record did not show a timely presentation to the presiding judge as required by the statute, and the decision was rested on the fact that "an examination of the bill discloses nothing from which the date of its presentation can be determined." Here the efficacious signing of the bill of exceptions by the presiding judge within the statutory period for presentation to him attests the timeliness of the presentation. The motion to strike the bill of exceptions is overruled.

(2-5) This suit was brought on March 19, 1913, by P. T. Brannan against Janie Sherry, as executrix of John Sherry, deceased. The contracts sued upon bore date of March 11, 1893, and had certain credits indorsed thereon. A verified statement of the claim was given to the attorneys of the executrix, and was indorsed: "Presented for payment, July 29, 1911. Janie Sherry, Executrix of the Estate of John Sherry, Deceased."

The original contracts described in the sworn statement were delivered to the attorneys for Janie Sherry as executrix of said estate for her inspection, and she "looked them over" in her attorney's office. The plaintiff and his attorney knew at the time the verified statement and the original contracts were left at the attorney's office that said attorneys were the attorneys of the executrix.

The evidence fails to show the date of the death of John Sherry, or the date of issue of letters testamentary on his estate, or the date of the qualification of Mrs. Janie Sherry as executrix of said estate. The burden is on the plaintiff to make out his case. Proper averments of the date of Sherry's death, and of the issue of letters testamentary, is contained in the complaint.

On defendant's plea No. 11, of the statute of nonclaim, the plaintiff joined issue and thereby assumed the burden of proof of due presentation of the claim against the Sherry estate in accordance with the statute.—*Weller & Son v. Rensford*, 185 Ala.

[Brannan v. Sherry.]

333, 64 South. 366; *McKenzie v. Matthews*, 153 Ala. 437, 44 South. 958; *Mitchell v. Lea*, 57 Ala. 46; *Evans, Adm'r, v. Norris et al.*, 1 Ala. 511. The plaintiff must therefore show compliance with sections 2590 and 2593 of the Code of 1907.

Claims may be presented against a decedent's estate, then, in either one of three ways: (1) By presenting the claim, duly verified, personally to the administrator or the executor (*Peevy, Adm'x, v. F. & M. Nat. Bank*, 132 Ala. 82, 84, 85, 31 South. 466, or (2) by "filing" the claim in question, duly verified, in the office of the judge of probate in which the letters testamentary or of administration were granted (*Peevy, Adm'x, v. F. & M. Nat. Bank, supra; Weller & Son v. Rensford, supra;* or (3) by filing a statement of the claim, duly verified, in the office of the judge of probate, etc. The statute as amended (Code of 1907, § 2593) expressly requires that "every such claim so presented to the executor or administrator and filed in the probate court must be verified by the oath of the claimant," to the effect that the amount claimed is justly due, or to become due, after allowing all proper credits. It is thus noted that the statute is materially changed by the addition of the words, "to the executor or administrator and filed in the probate court," after the word "presented," and before the words, "must be verified," in section 133 of the Code of 1896, which section was construed in *Nicholas v. Sands*, 136 Ala. 267, 33 South. 815, and in *Peevy, Adm'x, v. F. & M. Nat. Bank, supra,* not to require verification of the claim when it was presented personally to the personal representative.

It may be here stated that no reasonable construction of the amendment found in section 2593 (Code of 1907) would require a due presentation of the claim both to the personal representative and in the office of the judge of probate. Either one of the methods of due presentation is as efficacious as the other methods prescribed, and either one of the three may be pursued, at the election of the claimant.

It is axiomatic that letters testamentary could not issue before the death of the testator; and the date of this fact in the case at bar is not fixed by the testimony, nor is the fact of due presentation of the claim, which must have occurred after the issuance of letters testatmentary, and within 12 months of its accrual, so established. The evidence is silent on these dates.

[Brannan v. Sherry.]

There is no pretense that the presentation was made by plaintiff's filing the claim in the office of the judge of probate. His proof must be of personal presentation to Mrs. Janie Sherry as executrix of the estate of John Sherry, deceased. Mere knowledge of its existence, on the part of the executrix, will not prevent the bar of the statute.—*Jones v. Lightfoot,* 10 Ala. 17; *Owens v. Corbitt,* 57 Ala. 92; *Smith v. Fellows,* 58 Ala. 467; *Allen v. Elliott,* 67 Ala. 432; *Jones v. Peebles,* 130 Ala. 269, 30 South. 564. The actual formal presentation of the claim must be made by one having the right to make the presentation. In *Jones v. Peebles, supra,* the court said: " 'It is indispensable not only that the claim should be brought to the attention and knowledge of the executor or administrator, but this must be done by one having an interest in it, and a legal right to enforce its payment, and it must be evidenced by some act or word which indicates an intention to look to the estate of the deceased debtor for its payment.'—*Allen v. Elliott,* 67 Ala. 432, and cases cited. Or, to restate the principle in the 'language employed by Stone,' J., in *Smith v. Fellows,* 58 Ala. 472: 'The result of our rulings on this question is, that to constitute a sufficient presentation, the nature and amount of the claim must be brought to the attention of the personal representative, by some one authorized in law or fact to make the presentation, and the representative must be notified, expressly or impliedly, that the estate is looked to for payment.' "

See, also, *Allen v. Elliott,* 67 Ala. 432; *Bank v. Hawkins,* 12 Ala. 755; *Jones v. Lightfoot,* 10 Ala. 17.

The attorneys for the executrix could not be the agent or the attorneys for the plaintiff claimant. The attorneys for the defendant openly held themselves out as the attorneys of the executrix and the estate. The claimant could not treat such agents and attorneys as his agents or attorneys.—*Spratt v. Wilson,* 94 Ala. 608, 10 South. 209; *Commercial Fire Ins. Co. v. Allen et al.,* 80 Ala. 571, 1 South. 202.

As to presentation, the statutes governing must be followed. The statute does not authorize the presentation of a claim against an estate, to the attorneys representing its personal representative; neither does it warrant the presentation, to the personal representative of an estate, of the claim of a third person, by the attorneys of its personal representative. Decedents' estates

should not be so bound, and the statute of nonclaim thus suspended. The orderly administration of estates requires adherence to the statute, to bind the estate to the payment of the just claim and suspend the statute of non-claim.

It is not necessary to consider the statute of limitations, or the evidence as relating thereto. But we have carefully considered the evidence bearing on the issue of nonclaim, and find no error in the rulings of the trial court.

The case is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.