(83 South. 471)

N. L. CARPENTER & CO. v. NAFTEL et al. (3 Div. 400.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. TRIAL ⬤139(1)—FACT SUSTAINED BY SOME EVIDENCE FOR THE JURY.

Where there is any evidence tending to establish a material fact in issue, a question for the jury is presented.

2. EXECUTORS AND ADMINISTRATORS ⬤451(2) —RECEIPT OF CLAIM BY MAIL QUESTION FOR JURY.

The question whether the presumption of due delivery in the course of mails arising from the mailing of the verified accounts to an executor was rebutted by the executor's testimony that the claim was never received held for the jury.

3. EXECUTORS AND ADMINISTRATORS ⬤227(3) —VERIFICATION OF CLAIM NECESSARY.

Under Code 1907, § 2593, relating to the presentation of claims, a statement of claim presented direct to the executor must be verified just as though it was filed in court.

4. EXECUTORS AND ADMINISTRATORS ⬤451(2) —PRESENTATION OF CLAIM QUESTION FOR JURY.

The question whether the claims sued on were presented to the executors within time, the same not having been filed in probate office, held, under the evidence, for the jury.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by N. L. Carpenter & Co. against W. J. Naftel and others, as executors of the estate of C. G. Abercrombie upon a note and stated account. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

The controversy is as to whether or not the claims were presented to the executors within the time allowed by law. There was no dispute as to the correctness of the account. The evidence tended to show for the plaintiff that his attorney, Joseph E. Johnston, of Atlanta, on August 25, 1917, mailed at Atlanta, postage prepaid, a letter addressed to each of the executors, containing a copy of the promissory note and calling attention to the account due, and on August 31, 1917, again wrote the same parties inclosing a verified, itemized account and a copy of the note; that the envelopes in which these letters were contained had the business address of Johnston printed thereon; and that they were not returned to the sender. Abercrombie died in June, 1917. Naftel denied the receipt of the letter, and it further appeared that there was some conversation between Johnston and Douglass relative to the claim. It was admitted that the claim was not filed in the probate office, nor otherwise presented to either of the executors. At conclusion of the evidence the court directed a verdict for the defendants at their request.

Walton H. Hill and Ball & Beckwith, all of Montgomery, for appellants. The proof raised the presumption that the letter was delivered to the addressee, and required a submission of that question to the jury. 16 Cyc. 1065–1071; 115 Ala. 556, 22 South. 511; 196 Ala. 322, 68 South. 880; 192 Ala. 231, 68 South. 309; 56 Mo. App. 396; 6 Hill, 389; 20 Ala. 662; § 2590, Code 1907; 67 Ala. 436; 58 Ala. 472; 185 Ala. 339, 64 South. 366.

Steiner, Crum & Weil, of Montgomery, for appellees. The ordinary rule in commercial transactions relative to mail duly posted has no application to a claim of this character, as they must be actually presented to and received by the executors, or filed as required in the probate office. 58 Ala. 472; 195 Ala. 262, 71 South. 111; 145 Ala. 541, 40 South. 144.

THOMAS, J. [1] Were plaintiffs entitled to have submitted to the jury the question of whether or not there was a personal presentation to the executor of the claim against the estate of decedent? The general rule is, if there is any evidence tending to establish the material fact in issue, a jury question is presented. Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 176, 69 South. 601; Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 517, 52 South. 86.

[2] The issuable fact for the jury was the personal presentation to Naftel or Douglass, as personal representative of the Abercrombie estate of a claim against that estate. Code, §§ 2590, 2593; Weller & Sons v. Rensford, 185 Ala. 333, 339, 64 South. 366. The fact of such presentation is denied by Naftel; and the admissions of Douglass tended to corroborate the testimony of plaintiff, tending to show

such presentation to Naftel of the account and of the amount evidenced by the note. Brannan v. Sherry, 195 Ala. 272, 71 South. 106; Kennedy v. Lyle, 76 South. 962;[1] Burgess v. Burgess, 201 Ala. 631, 79 South. 193; Chamblee v. Proctor, ante, p. 61, 82 South. 21.

The presumption ordinarily arising from the mailing of the verified account to said executor, as stated, is urged as making the jury question under the authority of Pioneer S. & L. Co. v. Thompson, 115 Ala. 552, 556, 22 South. 511; Farmers' Mut. Ins. Asso. v. Stewart, 192 Ala. 23, 26, 68 South. 254; Holmes v. Bloch, 196 Ala. 322, 326, 71 South. 670; Corley v. Vizard, 84 South. 299.[2] An examination of these four cases discloses the fact that in Thompson's Case the presumption was of the receipt of a certificate of stock duly mailed to the husband; in Stewart's Case the question was of delivery of a policy within the reasonable time in which the same should have been delivered; in Holmes' Case it was the countermanding of an order transmitted by due course of mails; and in Corley's Case receipt by mail of deeds to real property and reservation, or the lack of it, contained in the correspondence before and at the time of such delivery. When the foregoing authorities are thus understood, it is apparent that they are analogous to the question here presented. It is for the jury to say whether the ordinary presumption arising from the mailing of the verified claim to Executor Naftel was overturned by the testimony of that executor that such presentment was never made to him, and that the verified claim was in fact never received.

[3, 4] The statute provides three specific, certain, and just ways in which presentation of claims may be made against a decedent's estate. If one of these methods be pursued, uncertainty of liability of the estate and of its personal representative is avoided. Brannan v. Sherry, supra. Since the decision in Pharis v. Leachman, Adm'r, 20 Ala. 662 (seventh headnote), the statute has been amended as pointed out by Mr. Justice Somerville in Kennedy v. Lyle, supra, 200 Ala. 604, 76 South. 963. He says:

"As the same statute existed in the Code of 1896 (section 133), it was construed as not applicable to claims presented personally to the representative. Peevey, Adm'x, v. F. & M. Nat. Bank, 132 Ala. 82, 31 South. 466. But the original statute was changed in the Code of 1907 by interpolating the words 'to the executor or administrator,' so as to extend the application of verification requirements to both methods of presentation; evidently for the purpose of meeting and overcoming the effect of the decision in the Peevey Case (February, 1902). * * * As amended by the present Code (section 2593), we see no rational escape from the conclusion that claims, as well as statements of claims, must be verified as directed by the statute, by whichever mode they may be 'present-

ed.' The plain language of the law requires it, and we are bound to give it the effect intended, whatever may be the hardships inflicted in particular cases."

Under this rule a jury question was made by the evidence as to presentation of the account of $884.38 and of the $700 note.

There is no estoppel shown by the replication sought to be pleaded against the mandatory requirements of the statute of nonclaims, and demurrer was properly sustained thereto.

It is unnecessary to discuss the provisions of section 2593 of the Code as to amendable defects in claims. On this question see Gillespie v. Campbell, 149 Ala. 193, 43 South. 28.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and BROWN, JJ., concur.