(119 So. 232)

## McCOLLUM v. McCOLLUM et al.
### (2 Div. 927.)

Supreme Court of Alabama. Dec. 20, 1928.

Arthur M. Pitts, of Selma, for appellees.

Frank Gordon and Clifton C. Johnston, both of Marion, for appellant.

GARDNER, J. Appellant, Laurine S. McCollum, ·was duly appointed executrix of the estate of E. K. McCollum, who died in 1926. In 1914 said E. K. McCollum was appointed executor of the estate of his brother, E. P. McCollum, and also served in the capacity of trustee under the terms of the will. At the time of the death of E. K. McCollum there had been no settlement made by him in either capacity, as executor or trustee, and this bill was filed by his executrix for an accounting and adjustment of the equities of all interested parties, to the end that complainant may have a full discharge as executrix of the estate of E. K. McCollum on account of such administration and trust. An order was duly entered removing the administration of the estate of E. K. McCollum, deceased, from the probate to the equity court, and complainant required to file her account and vouchers for a settlement of said estate and the trust set forth in the will. Such was done, and a decretal order entered referring the matter of accounting to the register. The reference was held and report of the register filed, to which complainant interposed exceptions. These exceptions were overruled by the court, and the register's report confirmed, and complainant prosecutes the appeal for a review of the ruling of the court confirming such report.

There appears in the record no note of testimony (Rule 75, Chancery Practice), and counsel for appellant insist a reversal must necessarily result, citing Jones v. Moore, 215 Ala. 579, 112 So. 207; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; Kelley v. Chandler, 200 Ala. 215, 75 So. 973. As appellant is the actor in this proceeding, it would appear such lack of a note of testi-

502

mony could result in no benefit to her. White v. White, 207 Ala. 533, 93 So. 457.

But that question aside, the rule is without influence in the instant case. The court assumed jurisdiction, and ordered a reference upon the admitted equity of the bill. There was no denial in the answer of any material averments of the bill upon which its equities rested, and no proof was necessary upon which to found the decree of reference. The rule as to requiring a note of testimony was intended for practical purposes, and, no necessity existing for the offer of proof, it follows there was no proof to note, and therefore the rule is without application. It does not apply to exceptions to reports of the register, as Chancery Rule 93 (4 Code of 1923, p. 935), in connection with section 6598, Code of 1923, deals specifically with that question requiring that evidence in support thereof be noted "at the foot of each exception," and this rule has been rigidly enforced. Ex parte Cairns, 209 Ala. 358, 96 So. 246.

■ Upon a consideration of the exceptions to the register's report, it appears that exception numbered 8 (eleventh assignment of error) presents the most important question here for determination. The rule is well established that all reasonable presumptions are indulged to support the rulings of the register on his conclusion of facts, and that the chancellor's ruling on exceptions to his report, "sustaining his conclusions as to facts dependent on the evidence produced before him, will not be disturbed on appeal, unless such conclusions are clearly wrong and erroneous." Warren v. Lawson, 117 Ala. 339, headnote 2, 23 So. 65.

■ The above exception relates to interest charge on the Powers mortgage, which it is insisted was duplicated. This duplication, it is further urged, arises from the assumption or conclusion there were two such mortgages when in fact there was only one. The mortgages offered in evidence were so offered by counsel for respondents for the purpose of charging interest thereon against the estate of E. K. McCollum. Counsel first offered mortgage of T. J. Powers, made April 11, 1914, to Eugene K. McCollum as trustee for $7,915.55, and, after introducing another mortgage, not here concerned, counsel offered "mortgage of T. J. Powers to E. K. McCollum as trustee for $6,500 in book 93, page 482, which was marked satisfied March 9, 1918." Confessedly, there is only one Powers mortgage in the record, and interest has been calculated and charged on each of the above-noted amounts. We find on page 63 of the transcript mortgage of T. J. Powers to Eugene McCollum as trustee "in the aggregate sum of $7,915.55, of which sum $6,500 is the principal amount this day loaned to the said T. J. Powers, and $1,415.55 is the interest thereon at eight per cent. per annum." We find this mortgage was recorded in Book 93, p. 482, and was marked "Satisfied" on March 9, 1918. We have noted also that it recites upon the face of the mortgage that the principal sum was $6,500. It appears therefore that all of these matters coincide with the description of the "second mortgage" hereinabove referred to, and, we think, point unerringly to the conclusion there was only one mortgage which in the aggregate was for $7,915.55, the principal of which was $6,500 and recorded in Book 93, p. 482.

Counsel for appellee places much stress upon the certificate of the register, but we do not read this certificate as stating there were two Powers mortgages introduced in evidence. The certificate states: "That the T. J. Powers mortgage for the sum of $7,915.55 testified to in the reference held on the 23rd day of July, 1927, does not appear in this transcript. The complete file was sent to the special judge in this cause to Selma, Alabama, and the above mentioned mortgage is not in the file as transcribed, and cannot be found after diligent effort." But, as noted, the only Powers mortgage set out in the transcript is the one in the aggregate sum of $7,915.55, and appears on page 63 of this record. The mortgage which is not in the record is the $6,500 mortgage referred to as being in Book 93, p. 482, and satisfied on March 9, 1918. The mortgage in the aggregate sum of $7,915.-55 is recorded in Book 93, p. 482, and was marked "Satisfied" on March 9, 1918, and shows on its face that the principal sum there secured was $6,500.

From all of these facts and circumstances, the conclusion is irresistible that the reference was to one and the same mortgage, and that error was committed in assuming otherwise and charging interest on both. The interest thus added is a considerable sum, and its elimination requires a recapitulation of the amount due by the estate of complainant's intestate. This exception to the register's report should have been sustained.

■ A number of exceptions are based upon the theory that error was committed in calculating interest on mortgages collected. Appellant insists that when payment of a debt is proven or admitted, it will be presumed to have been paid at maturity (30 Cyc. 1267), this, of course, in the absence of evidence as to the date of actual payment. But in the instances excepted to, the record shows satisfaction of the mortgages at a date subsequent to the date of maturity. These entries may be considered, for the purpose here in hand, as in the nature of receipts, and, we think, in the absence of evidence to the contrary sufficient upon which to base an inference they were payable on that date. There being nothing to the contrary here shown, we conclude error is not shown in the calculation of interest to the dates there appearing.

■ It is further insisted there was error in declining to allow compensation to E. K. McCollum. The rule is established that "only willful default, or gross negligence, resulting

in loss to the estate, * * * will deprive an administrator of the right to" compensation. Harris v. Parker, 41 Ala. 604; Neilson v. Cook, 40 Ala. 498; Spies v. Stikes, 112 Ala. 584, 20 So. 959.

The report shows that no records whatever were kept by the executor and trustee, and that the accounts were commingled and the funds in some instances improperly checked out at a considerable loss to the estate, and that a failure to keep any record or memorandum has rendered a proper accounting most difficult. The report indicates also the conclusion of the register that the evidence justifies an inference that, on account of the relationship existing between E. K. and E. P. McCollum as brothers, no charges were expected to be made, though the disallowance is based upon the first stated ground and will be so considered here. Upon a careful consideration of this exception and the evidence in relation thereto, we are unwilling to disturb the ruling of the chancellor in sustaining this feature of the report.

It is contended that several vouchers showing payments by the executor and trustee of claims against the estate of E. P. McCollum were disallowed by the register upon the ground they were not shown to have been verified as required by law. Section 2593, Code of 1907; Brannan v. Sherry, 195 Ala. 272, 71 So. 106. The correctness of these claims as proper charges against E. P. McCollum's estate and their payment within the proper time was not questioned, but, on the contrary, fully recognized as such in the report. Their rejection rested solely upon a lack of proof of their verification. We are of the opinion, however, that, these claims having been recognized and paid by the executor, in the absence of proof to the contrary, their due presentation is to be presumed, which would include verification. Grimball v. Mastin, 77 Ala. 553; Jones v. Peebles, 130 Ala. 269, 30 So. 564; 24 Corpus Juris, 371.

We conclude, therefore, these vouchers should not have been disallowed upon that ground. As we read and understand the report of the register, however, complainant received the benefit of this voucher as if allowed in deduction from interest charges, and, if so, reversal of course could not be rested upon these exceptions. This is a matter for full and clear adjustment upon another statement of the account.

Another exception relates to credit disallowed for payment to a Mrs. Lawrence. As we understand the evidence, this money with collateral also was delivered to Mrs. Lawrence, was her property, and had never been a part of the estate of E. P. McCollum, nor does it appear the executor of his estate was ever charged therewith. The exception is not well taken.

In order that a proper accounting might be had, the register employed an expert accountant, and several weeks were taken in examination by the accountant and register of all available records including bank books and deposit slips. As to item constituting the first exception, it would appear that the register found an incorrect credit in the trust fund that should have been placed in the estate fund, and we cannot find that the presumption in favor of the correctness of this feature of the report has been overcome by complainant. This observation likewise applies to the item forming the basis of the second and fourth exceptions to the report. If in fact interest has been calculated for an incorrect period, it may be made to appear upon another reference when the account is to be restated. Some of the exceptions are not to be considered for failure of compliance with Chancery Rule 93 (Ex parte Cairns, supra), with particular reference to exceptions numbered 3 and 7.

The tenth exception appears to be based upon the assumption that the W. E. Curb mortgage included interest on its face; but this is neither shown by an examination of the mortgage nor by the proof.

A further detailed consideration of the exceptions we deem unnecessary, as what has been here said should suffice for a proper restatement of the account.

For the error indicated as to exception numbered 8, let the decree be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.