(122 So. 340)

**ROSSER v. SANDERS et al.  (8 Div. 75.)**

Supreme Court of Alabama.  May 9, 1929.

S. H. Richardson, of Huntsville, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellees.

[1] 218 Ala. 260.

328

SAYRE, J. The appellant brought her suit against appellees as executors of the last will and testament of W. T. Walker, deceased. In plea 2 appellees set up by way of defense the statute of nonclaim. The plea alleges that the claim is barred because the same was not presented within 12 months after the grant of letters on said estate, by filing the same and a statement thereof in the office of the judge of probate, nor with the defendants, as executors of said estate *properly verified by the oath of the claimant*, etc. Plaintiff's objection to the plea is that it fails to allege that plaintiff did not, within 12 months, file *a* statement of her claim with defendants, or either of them, as executors; and that the law does not require a claim or statement thereof against the estate of a deceased party, which is presented directly to the personal representative, to be verified. In the trial court a demurrer to the plea taking this objection was overruled, after which plaintiff took a nonsuit, and this appeal upon the record followed. Code, § 6431.

Section 133 of the Code of 1896 provided that a claim against the estate of a deceased might be presented "either to the executor or administrator, or by filing the claim, or a statement thereof, in the office of the judge of probate in which letters were granted, in which case the same must be docketed, with a note of the time of such presentation; and if required, a statement must be given by such judge, showing the time of presentation. But every such claim so presented must be verified by the oath of the claimant or some other person." In Peevey v. Farmers' & Merchants' Bank, 132 Ala. 82, 31 So. 466, where the suit was on a promissory note, it was decided, McClellan, C. J., speaking for the court, that, when the presentation was to the administrator personally, no verification was required by the statute.

In the Code of 1907, section 133 of the Code of 1896 was revised so that, in the presently pertinent part, it read: "Every such claim so presented to the executor or administrator and filed in the probate court must be verified," etc. Code 1907, § 2593. Of course it was held that under the later Code (1907), whether the claim was presented to the administrator or executor personally, or filed in the probate court, it must have been verified. Brannan v. Sherry, 195 Ala. 272, 71 So. 106, Kennedy v. Lyle, 200 Ala. 604, 76 So. 962.

But in the Code of 1923, § 5818, the words "to the executor or administrator" in the last-stated connection were stricken, thus restoring the statute to its form as in the Code of 1896.

Appellees criticize the opinion and result in Peevey v. Farmers' & Merchants' Bank, supra. But we are not concerned about that. The effect of the decision construing the statute in the case then presented to the court was clear beyond peradventure. It would seem to be equally clear that the purpose of the change shown by the Code of 1907 was to require verification in the case of presentation to an executor or administrator. Now, as we have already noted, the statute is restored to the form in this respect it had in the Code of 1896.

The legislature is presumed to have known the construction put upon the Code of 1896 by the appellate courts of the state. The well-settled rule is to give statutes thus re-enacted the meaning they had or so acquired when previously in force. Barnewall v. Murrell, 108 Ala. 377, 18 So. 831. We have examined and here note as being to the same effect the other cases cited by the Court of Appeals in People's Auto Co. v. State, 121 So. 907, which had the concurrence of this court, viz.: O'Byrnes v. State, 51 Ala. 25; Ex parte Matthews, 52 Ala. 51; Woolsey v. Cade, 54 Ala. 378, 25 Am. Rep. 711; Huddleston v. Askey, 56 Ala. 218; Posey v. Pressley, 60 Ala. 243; E. T. V. & G. Rwy. v. Bayliss, 74 Ala. 150. These authorities—and others to the same effect might be cited—are conclusive of the question here presented for review. The demurrer to appellees' second plea should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.