145 So. 478

## McCLURE v. PETTYJOHN et al.

### 6 Div. 184.

Supreme Court of Alabama.

Nov. 25, 1932.

Rehearing Denied Jan. 27, 1933.

Basil A. Wood, of Birmingham, for appellant.

J. Wiley Logan, of Birmingham, for appellees.

### THOMAS, J.

The suit was for breach of warranty in the sale and conveyance of real property. The judgment was for the defendants.

The trial was had on counts 2, 6, and 7, to which demurrers were overruled.

Demurrers to pleas 1, 2, 3, 4, 5, and 6, as addressed to counts 3, 4, and 5, were overruled; demurrers to pleas 8, 9, 10, 11, and 12, as addressed to each count, were overruled.

There was a special finding in writing of the facts demanded under the statute, section 9501, Code, and the court required the plaintiff to file a specification of facts as required by that statute. Thereupon, or thereafter, the plaintiff withdrew the request for such special finding.

The jury having been waived as provided by statute, the cause was heard and determined by the court, that the plaintiff was not entitled to recover of the defendant in this behalf; that the defendant go hence and recover of plaintiff "all costs herein accrued for which execution may issue." There was a motion for new trial presenting the several rulings of the court as grounds thereof, and it was overruled.

Certain of the material facts were presented by agreement of counsel: That on March 3, 1919, Pettyjohn, deceased, and wife sold and conveyed the land in question by a warranty deed to the plaintiff as exhibited; that this grantor and wife had theretofore, on January 21, 1918, executed a note and mortgage on said land for $400, with interest, to F. O. Wittichen, which is likewise exhibited;

that said grantor died, his personal representative was appointed and qualified, and administration of his estate was pending when suit brought; that said mortgagee had foreclosure thereof and Wittichen purchased under the powers of the mortgage for $677.75, the date thereof being February 6, 1929; that no foreclosure deed was ever executed; that immediately thereafter, February 28, 1929, said purchaser, F. O. Wittichen, "executed a sale and transfer of all of his right, title and interest in and to the property described in said mortgage, and the mortgage and note described in paragraph two hereof, originally to Haywood Darden, but on demand of the State S and L Company, it was, before delivery thereof, changed to the State S and L Company. Such change was made by attorneys for F. O. Wittichen; receiving therefor the sum of $660.36, by check of the State S and L Company No. 877, said transfer and check being hereto attached as exhibits E and F, respectively, as if specifically set out herein"; that "During the year 1928, F. O. Wittichen turned over to Messrs. Howze and Brown, Attorneys, the L. G. Pettyjohn mortgage and note for collection, who advertised the mortgage for foreclosure in the Weekly Call for January 5, 12, 19 and 26th, 1929, as shown by copy of advertisement hereto attached as Exhibit D, and made a part hereof as if specifically set out herein."

It is further agreed that a verified proof of said claim on November 25, 1930, was filed in the probate office and that the executors of the estate of L. G. Pettyjohn, deceased, were "notified" thereof on November 29, 1930, and copy of that verified claim was exhibited, that plaintiff filed his bill in equity, on December 26, 1930, against the executors and the heirs at law of said estate of L. G. Pettyjohn, deceased, and that said suit was duly transferred by the court to the law division of that court, and that such transfer was made February 11, 1931. Such was the agreed statement of facts and the record evidence.

There was, however, testimony given by James H. Craig, secretary of the State Savings & Loan Company and its General Manager, to the effect that during the years 1928–29 the plaintiff was indebted to said company, which indebtedness was "secured by a mortgage covering lots 77 and 78"; that a member of the firm of Howze & Brown informed his company that their client F. O. Wittichen held a prior mortgage on one of the lots or on said property; that the Savings & Loan Company was given the opportunity to protect their mortgage lien thereon, and that time was given for investigation of the facts of respective priorities, and that his said company, after conference with mortgagor plaintiff here, purchased the mortgage and debt of F. O. Wittichen and paid the sum of $660.-

36, the full amount of that mortgage obligation on lot 77, and the foregoing instrument and transfer were executed and delivered. The witness further testified that he refused to accept an instrument of transfer if "made by F. O. Wittichen in the name of Haywood Darden," and thereafter the foregoing transfer of note and mortgage from Wittichen to his company was delivered and accepted and the consideration paid. That witness further testified that "the State Savings and Loan Company had Darden consolidate all of the indebtedness secured by the different mortgages, the $550.00 mortgage, the $100.00 mortgage and the Wittichen mortgage, lumped into one, and made a new mortgage for $1,450.00. This occurred following the purchase of the Wittichen mortgage by the State Savings and Loan Company. At the time of the negotiations when Haywood Darden executed the $1,450.00 mortgage, the Company executed a release of the two prior mortgages from Darden to the Company covering the same property, one for $550.00 mortgage and the $100.00 mortgage. At the time this release to Haywood Darden by the State Savings and Loan Company was issued, covering $550.00 and $100.00 mortgages, the said company did not release the obligation of the Wittichen mortgage in any way. There was no release made at that time by said Company, releasing the Wittichen mortgage. * * * The company's account of the mortgage was still open and no final settlement had been made with him during 1929 to October and November, 1930. The Company held both the Wittichen mortgage and the $1450.00 mortgage papers."

■ The witness was not allowed to state the amount due the State Savings & Loan Company by Haywood Darden on the Wittichen obligation on November 6, 1930, but stated that on November 6, 1930, his company received from plaintiff the sum of $739.61 to discharge the lien and debt growing out of the Wittichen mortgage. Thus there was no reversible error in sustaining defendant's objection to the foregoing question. Moore v. Oneonta Motor Co., 223 Ala. 510, 512, 137 So. 301; Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686; Cumbee v. Eady-Baker Grocery Co., 211 Ala. 316, 100 So. 336; Floyd v. Pugh, 201 Ala. 29, 77 So. 323. Moreover, the defendant introduced in evidence its books showing the amounts of debits and credits and the amounts due on the several loans and mortgages, among which was the Wittichen mortgage, and that the sum was represented and carried into the mortgage of $1,450, which he knew was the correct amount due his company by plaintiff, and that the latter executed the $1,450 mortgage on the two lots.

The witness Gilliam testified that he had the note and mortgage for collection, and so

wrote the mortgagor Darden as follows: "I have in my hands for foreclosure the mortgage executed on January 21, 1918, by L. G. Pettyjohn and wife to F. O. Wittichen, which was assumed by you and which covers Lot 77, Block 4, in the survey of Trevellick. If you wish to prevent foreclosure of this mortgage, see me at once." The witness further testified that after foreclosure he left demand or notice for possession at the home of Haywood Darden; identified the check of the State Savings & Loan Company to Howze & Brown for $660.36, which composed principal and interest, cost of advertising and attorneys' fees; that he delivered the note and mortgage to the transferee, State Savings & Loan Company, for the consideration of $660.36; that "at the foreclosure sale the property was bought for the full amount of the debt," viz. for principal and interest of $601.06, cost of advertising, $9.30, and attorneys' fee, $50.

There were tendencies of conflict in the evidence between Gilliam and Craig, as to whether there was actual foreclosure of the Wittichen mortgage. It is without dispute, however, that Darden gave the mortgages, was in default thereon; that demand was made for possession, and that he thereafter paid the sum of $739.61 to discharge the debt and lien growing out of the mortgage to Wittichen; that this payment or redemption was of date of November 6, 1930.

The pleas of the statutes of nonclaims and of limitations are specific, and inform of such defenses. Sections 5815, 5818, 9532, Code of 1928, page 926. In Brannan v. Sherry, 195 Ala. 272, 275, 71 So. 106, and cases cited, there were claims held against an estate by a third party, not a claim held by the personal representative of such decedent, or by an assignee or transferee of such representative, or in which he has an interest that has accrued prior to the grant of letters. Smith v. Nixon, 205 Ala. 223, 87 So. 326; McCollum v. McCollum, 218 Ala. 500, 119 So. 232; Rosser v. Sanders, 219 Ala. 327, 122 So. 340.

Here the plaintiff's claim accrued under covenant against incumbrance on date of the execution and delivery of the conveyance by Pettyjohn and wife to plaintiff, March 3, 1919, of lot 77, block 4, according to the Beneficial Land & Improvement Company; it being at that time subject to the mortgage by that grantor to Wittichen of date of January 21, 1918. That grantor died on October 26, 1921, and his personal representatives were appointed and qualified on November 1, 1921. The attempted presentation of the claim of breached warranty was by filing verified proof of that claim on November 25, 1930, and to the personal representatives on November 29, 1930, and was not within the period of the statute.

The claim was in the following words:

"In re Estate of L. G. Pettyjohn, Dec'd.
"No. ———.
"Pending in the Probate Court of Jefferson County, Alabama.
"To:—J. B. Pettyjohn, Mrs. M. A. Pettyjohn, Fred Smith, As Executors of the Estate of L. G. Pettyjohn, deceased.
"Due: Haywood Darden, 208—1st National Bank Building, Birmingham, Alabama.
"1930
Nov 6 To amount paid the State Savings and Loan Co., a corporation, on the mortgage recorded Probate Office, Jefferson County, Alabama, Mortgage Record Volume 899 at page 364, from L. G. Pettyjohn to F. O. Wittichen, covering Lot 77 in Block 4, survey of Beneficial L and Imp. Co. Map recorded Map Book 3, page 45, said Probate Office, being a lien on the same property sold by L. G. Pettyjohn to Haywood Darden, as shown by Warranty Deed recorded Volume 942, page 12, same Probate Office, amount paid being $660.36, with accrued interest of $49.25, total paid by me being..........$739.61.
"State of Alabama, Talladega County.
"Before me the undersigned authority, a Notary Public in and for said County and State, personally appeared Haywood Darden, known to me, who being by me first duly sworn on oath states that he is the Haywood Darden mentioned in the above account, and that the facts set out in said account against the Estate of L. G. Pettyjohn, deceased, are true and correct, and the amount thereof, together with 8 percent interest from November 6, 1930, is due and unpaid.

his
"Haywood (X) Darden
mark
"(Haywood Darden)
"Witnesses:
"B. A. Wood
"E. H. Hawkins
"Sworn to and subscribed before me on this the 25th day of November, 1930.
"Ralphine I. Griffin, Notary Public."

 The purchase and transfer of the prior Wittichen mortgage to the State Savings & Loan Company was of date of May 7, 1929, and for the sum of $660.36; the giving by plaintiff of the mortgage in 1929 for $1,450 on both lots 77 and 78 in said block and subdivision, to cover the whole amount due the Savings & Loan Company, the default in the payments, the notices and demands for payment and possession before and on February 8, 1929, were efficacious to give appellant the accrued claim, if it existed, for breach of warranty. He knew all the facts long prior to the filing of that claim on November 6, 1930. It is established by our decisions, that

such a claim exists and accrues from a breach of contract, and the liability of the intestate to answer exists therefrom. McDowell, Adm'r, v. Jones, Adm'r, 58 Ala. 25; Jones v. Hert, 192 Ala. 111, 68 So. 259; Chamblee v. Proctor, 203 Ala. 61, 82 So. 21. The claim accrued to plaintiff when the indebtedness on the mortgage to Wittichen was paid by the State Savings & Loan Company and recognized and secured by plaintiff's mortgage. Foster v. Foster, 219 Ala. 70, 121 So. 80. The ruling of the trial court was justified under the bar of the statute of nonclaims; the claim being held to have accrued on the date of the execution of the deed, March 3, 1919, or that of the assumption of the Wittichen debt by the State Savings & Loan Company May 7, 1929, or by the payment by Darden to the State Savings & Loan Company in March or April, 1929. The attempted presentation of the claim on November 6, 1930, was not within the terms of the statute that applied. Section 5815, Code of 1928. That is to say, that under the evidence, the execution or transfer of all rights, title, and interest in said property to the State Savings & Loan Company, with the knowledge, consent, and acquiescence of said original grantee, Haywood Darden, plaintiff, and the giving by him and wife of the new mortgage on the property in question and another lot, for the full amount of that and other debts, amounting in all to $1,450, in April, 1929, was the satisfaction of the obligation in question and accrual of such claim as he may have, arising from the Wittichen mortgage as affecting this right and against the estate and heirs of Pettyjohn, deceased. The delay in presentation of such claim to November 6, 1930, as "a lien on the property * * * as shown by the warranty deed" in question, was fatal to the effort to recover by this suit.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.